## JOHN O'CONNER *v.* PETER STARKE.

1. DISSOLUTION OF INJUNCTION. *Exceptions to answer.  English rule.*

   Under the English practice a motion to dissolve an injunction will not be entertained while exceptions to the answer are pending, unless the exceptions are filed after the motion is made.

2. SAME. *American rule.*

   The American rule is that filing exceptions will not prevent the hearing of the motion, but the court will examine them and give them such weight as they deserve in deciding the question of dissolution.

3. SAME. *Rule in Mississippi.*

   Under Code 1880, § 1915, which enacts the American rule, the motion to dissolve must be entertained, unless the Chancellor is of opinion that the exceptions are well taken and affect the merits of the motion.

4. SAME. *Appeal.*

   The Chancellor's refusal to hear the motion or answer, in order to determine the weight and scope of the exceptions, is equivalent to overruling the motion, and is appealable under Code 1880, § 2311, if the Chancellor thinks this necessary or proper to settle the principles of the case.

APPEAL from the Chancery Court of Clay County.

Hon. F. A. CRITZ, Chancellor.

*Davis, McFarland & Paine*, for the appellant.

1. The appeal is proper to settle the principles of the cause and to avoid expense and delay.  Code 1880, § 2311.  An order refusing to proceed operates as injuriously to the appellant's rights as a decree overruling the motion to dissolve; and if the Chancellor grants the appeal, the case is within the statute.  The provisions of Code 1880, § 1915, do not prevent an appeal under the circumstances of this case.

2. If the Chancellor had heard the motion he would have sustained it.  The exceptions were not founded in fact, and the bill alleged no ground for injunction.  On the suggestion that exceptions were filed to the answer, the Chancellor refused to hear either the answer or exceptions.  How then could he determine whether they were well taken?  The answer should have been read, and if the exceptions were, as we contend, immaterial, the injunction should have been dissolved.

*R. Davis*, on the same side, filed a separate written argument, and *Baxter McFarland* argued the case orally.

*Fred Beall*, for the appellee, argued the case orally and in writing.

1. This appeal should be dismissed, for the order cannot be appealed from. The Chancellor declined to hear the motion because exceptions were pending to the answer for insufficiency. Code 1880, § 2311. An appeal is not a matter of right outside the statute, but it is statutory and must be enjoyed in strict compliance with the statute. *Porter* v. *Grisham*, 3 How. 75; *Hardaway* v. *Biles*, 1 S. & M. 657; *Lyles* v. *Barnes*, 40 Miss. 608.

2. The exceptions were filed under Code 1880, § 1891, because the answer was not full and proper. Code 1880, § 1873. And the Chancellor refused to hear the motion because he was of opinion that the result would be affected by the action on the exceptions. Code 1880, § 1915. The Chancellor had no right in this motion to pass upon the exceptions to the answer, which after reference to a master must await his report. Code 1880, § 1891. Besides, the beneficiary is not complaining; O'Conner is a mere trustee.

*Houston & Reynolds*, on the same side.

Under Code 1880, § 1915, the exceptions must be assumed to be true, and the only question is whether they would affect the motion even if well taken. The Chancellor rightly decided that they would. It is plain, from Code 1880, § 1891, that the Chancellor had no power, upon this motion, to decide the exceptions. Necessarily, therefore, if they were material, the motion to dissolve could not be sustained.

CHALMERS, C. J., delivered the opinion of the court.

A motion was made to dissolve an injunction in vacation upon bill and answer. After notice of this motion had been given, exceptions were filed to the answer, and by the clerk referred to a master. When the motion to dissolve came on to be heard before the Chancellor, he refused to consider it, because the exceptions were still pending before the master. He refused also to allow the answer to be read with a view of determining whether the exceptions were well taken, or

whether they affected in any way the merits of the motion to dissolve. He based his action on § 1915 of the Code of 1880, which is in these words : " A motion to dissolve an injunction upon bill and answer shall not be entertained, pending exceptions to the answer for insufficiency, unless the Chancellor shall be of the opinion that the matters of exception would not affect the motion, even if they are well taken."

By the English practice a defendant could not move to dissolve an injunction after exceptions filed, until the exceptions had been disposed of ; but this was only so where the exceptions were filed before the motion to dissolve was made. Even under the English practice it was not permissible for the complainant to prevent the hearing of a motion to dissolve already made, by filing exceptions to the answer. The American rule is that the filing of exceptions will never *per se* prevent the hearing of a motion to dissolve ; but the court will always, at the hearing of the motion, look into the exceptions, and give them such weight as they are entitled to in the determination of the question of dissolution. 2 High on Injunctions (2d ed.), § 1602.

The provision of our Code, quoted *supra*, is intended to incorporate the American rule into our statutory law. It is the equivalent of saying that the motion to dissolve shall be entertained, unless the Chancellor shall be of opinion that the exceptions are well taken, and affect the merits of the motion to dissolve. To determine these questions he must of course examine the bill, the answer, and the exceptions. When he has done this, he disregards the latter, if he finds that in no point of view are they well taken ; and he does the same thing, even though he finds them well taken as to some aspects of the case, if he shall be of opinion that they in no way affect the merits of the motion to dissolve. If this be not the law, then the complainant can always, by filing the most frivolous and unfounded exceptions, defeat the hearing of the motion to dissolve, even though, as in this case, the exceptions are filed after the motion to dissolve, and possibly for the express purpose of preventing a hearing on the motion.

A motion is made in this court to dismiss the appeal in this case upon the ground that it is not such an order as can be

made the subject of an appeal, and we were at first inclined to adopt this view; but, upon better consideration, we think that the action of the Chancellor was the equivalent of an order overruling the motion to dissolve, and is therefore appealable under § 2311 of Code of 1880, if the Chancellor thinks an appeal necessary or proper, " in order to settle the principles of the cause." It was granted for this purpose, as we are advised by the order allowing it; and, as the answer is not before us, we cannot say that it was not proper for that purpose, and hence must assume that the Chancellor was correct in thinking that it was.

*Reversed and remanded.*